QUESTIONS: 1. Is the state attorney's office a political subdivision of the state within the purview and context of s. 7(16), Ch. 74-386, Laws of Florida? 2. If so, are the investigators for the state attorney's office entitled to the salary incentive program set forth in s. 943.22, F.S. (1974 Supp.), created by Ch. 74-386, Laws of Florida (formerly s. 23.078, F.S.)?
SUMMARY: A state attorney's office is neither a "local unit" nor a "political subdivision" of the state within the purview and context of s. 7(16) [s. 943.22, F.S. (1974 Supp.)] of Ch. 74-386, Laws of Florida. Section 7(16) of Ch. 74-386, Laws of Florida [s.943.22, F.S. (1974 Supp.)], defines a "law enforcement officer" to mean "any law enforcement officer elected or employed full-time by a local unit . . . ." The term "local unit" is defined in the same section to mean "any municipality, county or other political subdivision of this state. . . ." Section 1.01(9), F.S., defines "public body," "body politic," or "political subdivision" to include "counties, cities, towns, villages, special tax school districts, special road and bridge districts, bridge districts and all other districts in this state." It seems clear that the office of state attorney is not a political subdivision of the state, although the state attorney is a state officer. Neither is he a "local unit" within the purview of Ch. 74- 386, Laws of Florida. Moreover, it is well settled that the mention of one thing in a statute implies the exclusion of all others, and the Legislature has defined with specificity the terms "local unit" and "political subdivision" in Ch. 74-386 for the purposes of that law in such manner as to exclude the office of state attorney — expressio unius est exclusio alterius. [See] 30 Fla. Jur. Statutes s. 90 (1974 Edition). Question 1 is therefore answered in the negative. AS TO QUESTION 2: Since question 1 has been answered in the negative, it is unnecessary to respond to question 2. However, arguendo, even if the state attorney's office were a "political subdivision" within the purview and context of s. 7(16), Ch. 74-386, Laws of Florida, it would be my opinion that investigators of the state attorney's office would not be entitled to the salary incentive program set forth in s. 943.22, F.S., created by Ch. 74-386, supra, until such time as the Legislature specifically so provides and moneys are appropriated and budgeted therefor. Article VII, s. 1(c), State Const., provides that, "[n]o money shall be drawn from the treasury except in pursuance of appropriations made by law." Additional funds may not be released nor may funds be diverted from one purpose to another contrary to, or in the absence of, legislative appropriations. Cf. AGO's 067-67, 068-65; State ex rel. Davis v. Green, 116 So. 66 (Fla. 1928). The appropriation for the State Attorney's Office, 19th Judicial Circuit, for fiscal year July 1, 1974, to June 30, 1975, is found at Item 752, Ch. 74-300, Laws of Florida; however, the appropriation contained therein does not provide for participation in a salary incentive program of investigators for said state attorney's office. Also see ss. 27.25, 27.33, 216.251, 216.321, and 216.331, F.S.